UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CASSANDRA M. CATO-LOUIS,<br>    Plaintiff,<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION,<br>    Defendant. | CIVIL ACTION NO.: 04-10571-JLT |

**PARTIES' PROPOSED JOINT STATEMENT PURSUANT TO
FED.R.CIV.P. RULES 16(B) AND (C) AND 26(F) AND D.MASS.L.CIV.R. RULE 16.1(B)**

Parties:   Cassandra M. Cato-Louis (plaintiff)
            National Railroad Passenger Corporation ("AMTRAK") (defendant)

      Pursuant to Fed.R.Civ.P. Rules 16(b), (c) and 26(f) and D.Mass.L.Civ.R. 16.1(B), the parties hereby file the instant *Proposed Joint Statement* dated November 29, 2005.

      Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

I.  **STATEMENT OF THE CASE**

   A.  **Claims of Plaintiff:**

The plaintiff, Cassandra Cato-Louis, brings the instant case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. (FELA), the Federal Safety Appliance Acts, 45 U.S.C. §§ 1 – 16, and the Boiler Inspection Acts, 45 U.S.C. §§ 22 -34.  Ms. Cato-Louis has worked for the defendant as an electrician since 1989.

The plaintiff claims, as a result of her job duties, that she was exposed to occupational risk factors for hearing loss and carpal tunnel syndrome, including but not limited to excessive noise, repetition force, vibration and awkward wrist posture. It is the plaintiff's claim that as a result of the defendants' negligence, the plaintiff was diagnosed with carpal tunnel syndrome, for which she claims to have undergone surgery.

The plaintiff further claims that the defendant, AMTRAK, failed to provide the plaintiff with a safe work environment under the FELA, specifically, failing to adequately warn the plaintiff of the risks, danger and harm to which she was exposed and to provide a timely and adequate program to prevent occupational hearing loss and ergonomic program to prevent occupational carpal tunnel syndrome.

   B.  **Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant:**

The defendant, AMTRAK: (1) denies that the plaintiff has carpal tunnel syndrome; (2) even if the plaintiff does have carpal tunnel syndrome, the defendant denies that said carpal

tunnel syndrome was caused by the defendant's negligence; (3) even if the plaintiff does have carpal tunnel syndrome, the defendant denies it was caused by workplace exposure to excessive repetitive force, vibration and/or awkward wrist position; and (4) see the defendant's affirmative defenses set forth in its *Answer*.  The defendant further denies that it was negligent and states that the plaintiff's alleged occupational carpal tunnel syndrome was caused by the plaintiff.

## II.     JOINT DISCOVERY PLAN

### A.     Early Settlement Conference

1.     The parties certify that they have considered the desirability of

attempting to settle the case before undertaking significant discovery or motion practice, and the parties are actively involved in settlement negotiations.

    2.       The parties request an early settlement conference.

    3.       The parties prefer a settlement conference with a Magistrate Judge.

    4.       The parties do not request, at this time, a referral for alternative dispute resolution.

    **B.**       **Joinder of Parties and Amendment of Pleadings**

    1.       The plaintiff should be allowed until January 16, 2006 to file motions to join additional parties and to amend the pleadings.

    2.       The defendants should be allowed until January 16, 2006, to file motions to join additional parties.

    **C.**       **Discovery**

   1. The parties anticipate that discovery will be needed on the following subjects: (1) whether the plaintiff suffers from carpal tunnel syndrome; (2) when and how the plaintiff sustained her carpel tunnel-causing injuries; (3) whether the plaintiff's carpal tunnel syndrome was caused by workplace exposure; (4) whether the defendant was negligent under the FELA for failing to provide the plaintiff with a reasonably safe workplace; (5) whether the plaintiff was contributorily negligent; (6) whether there is a causal connection between the defendant's negligence, if any, and the plaintiff's alleged carpal tunnel syndrome; (7) whether the plaintiff failed to mitigate her damages; (8) the defendant anticipates discovery on whether the plaintiff's claims are barred by the applicable statutes of limitations; (9) the nature and amount of the plaintiff's damages, if any, including past lost earnings, impairment to future earning capacity,

medical expenses, pain and suffering, and mental anguish; and (10) the defendant anticipates discovery on whether the plaintiff was suffering from or experienced significant prior and pre-existing physical and/or medical conditions which affected the plaintiff's alleged injury and prognosis.

      2.      The parties have already exchanged disclosures on November 18, 2005, pursuant to the Court's *Discovery Order.* .

      3.      All fact discovery shall be completed by March 31, 2006.

      4.      The plaintiff shall designate her expert witness(es) no later than April 14, 2006.

      5.      The defendant shall designate their expert witness(es) no later than May 15, 2006.

      6.      The plaintiff's expert(s) shall be deposed no later than May 31, 2006.

      7.      The defendants' expert(s) shall be deposed no later than June 30, 2006.

**D.    Dispositive Motions**

All motions for summary judgment shall be filed no later than July 31, 2006.

                              For the plaintiff,
                              Cassandra Cato-Louis

BY:    /s/ Thomas J. Joyce
         Thomas J. Joyce, III
         Hannon & Joyce
         Public Ledger Building, Suite 1000
         150 S. Independence Mall West
         Philadelphia, PA 19106
         214-446-4460

BY: /s/ Michael J. McDevitt
Michael J. McDevitt
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
617-439-4990
(Local Counsel for the Plaintiff)

For the Defendants,
National Railroad Passenger Corporation

BY: /s/ Lori A. Wirkus
Lori A. Wirkus, BBO #635525
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA 02169
(617) 773-5500
(617) 773-5510 (facsimile)

DATE: November 29, 2005

G:\F & A\CASE FILES\AMTRAK\occupational\Cato-Louis\Pleadings\Joint Scheduling Statement.11.3.05.doc